UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JONATHON DOUGLAS MATTIX,

Plaintiff,

v.                                                     CAUSE NO. 1:25-CV-489-HAB-ALT

ALLEN COUNTY SHERRIFF DEPT.,

Defendant.

OPINION AND ORDER

Jonathon Douglas Mattix, a prisoner without a lawyer, filed a complaint asking to suppress evidence in his State criminal case. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mattix explains: "The only thing I'm asking the courts for is to suppress the day I was arrested and suppress the serial number of the 38 SP revolver, in limine to my case that is set for trial." ECF 1 at 3. Mattix was charged, tried, convicted, and sentenced for murder by the State of Indiana. *State v. Mattix*, 02D06-2501-MR-3 (Allen Superior Court, filed January 27, 2025). Though screening of this case was delayed for several months waiting for Mattix to pay the initial partial filing fee, the relief Mattix sought was

unavailable even on the day he filed this case. This court must abstain from interfering

in Mattix' State criminal proceedings because of principles of equity, comity, and

federalism. "When a plaintiff seeks 'to receive a favorable federal constitutional ruling

that can be used affirmatively or offensively to shape—or perhaps change—the

direction and course of the state court proceedings,' the federal court must abstain."

*Martin v. Raoul*, No. 24-1915, 2025 WL 2528501, at *2 (7th Cir. Sept. 3, 2025) (*quoting J.B.

v. Woodard*, 997 F.3d 714, 723 (7th Cir. 2021)).

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A because it was

frivolous to ask this court to suppress evidence in a State criminal trial.

SO ORDERED on December 4, 2025.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

2